IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
October 15, 2021 09:29 AM
SX-2019-MC-00078
TAMARA CHARLES
CLERK OF THE COURT



# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| JAHZEEL FENTON<br><br>PETITIONER<br><br>v.<br><br>GOVERNMENT OF THE VIRGIN ISLANDS OFFICE OF THE V.I. ATTORNEY GENERAL WYNNIE TESTAMARK, DIRECTOR OF THE U.S VIRGIN ISLANDS BUREAU OF CORRECTIONS,<br><br>RESPONDENTS | SX-19-MC-078/SX-10-CR-347<br><br>PETITION FOR WRIT OF HABEAS CORPUS |

### Cite as: 2021 VI Superior 101P

**Mr. Jahzeel Fenton, Pro Se**
Inmate Number #101160
Golden Grove Adult Correctional Facility
Rural Route #1 Box 9955
Kingshill, Virgin Islands 00850

**Attorney Michael R. Francisco, Esq.,**
Assistant Attorney General
V.I. Department of Justice
#34-38 Kronprindsens Gade
GERS Building, 2nd Floord
St. Thomas, Virgin Islands 00802

## MEMORANDUM ORDER

**Jomo Meade, Judge**

¶ 1.     **THIS MATTER** is before the Court on the Petition of Jahzeel Fenton (hereinafter "Petitioner" or "Fenton") seeking relief by Writ of Habeas Corpus. In his request for relief, Petitioner has asked the Court to vacate his conviction and release him from the custody of the Virgin Islands Bureau of Corrections. Petitioner argues that during the underlying criminal proceedings, the People failed

to provide a bullet trajectory report that would show that he did not discharge the bullet that injured the victim of the underlying criminal offenses. For the reasons stated below, the Petitioner's request for relief is **DENIED**.

## FACTUAL and PROCEDURAL BACKGROUND

¶ 2.     Fenton was arrested on March 19, 2010 and subsequently charged in an information with the criminal counts of: (1) Attempted Murder in the First Degree in violation of Title 14 V.I.C. § 922(a)(1) & 331, (2) Assault in the First Degree with Domestic Violence in violation of Title 14 V.I.C. § 295(1) and Title 16 V.I.C. § 91(b), (3) Unauthorized Possession of a Firearm During the Commission of a Crime of Violence in violation of Title 14 V.I.C. § 2253(a), (4) Mayhem in violation of Title 14 V.I.C. § 1341(a)(2), (5) Discharging or Aiming a Firearm in violation of Title 23 V.I.C. § 479(a) and (6) Simple Assault and Battery with Domestic Violence in violation of Title 14 V.I.C. § 299(1) and 16 V.I.C. § 91(b)(1) & (2) in relation to the shooting and injury of Jo Ana Lang. Subsequently, the People filed a superseding information adding four counts of Child Abuse in violation of Title 14 V.I.C. § 505. The counts of Child Abuse were based on allegations that the minor children of Jo Ana Lang were present when the shooting occurred.

¶ 3.     As part of Petitioner's demand for discovery, he made a request for a bullet trajectory analysis or report which was referenced in the Crime Scene Evidence Report dated March 19, 2010, and drafted by forensic technician, Linda Pascal. When the report was not produced, Petitioner filed a motion to compel discovery on February 19, 2016. The court granted the motion and entered an

order on March 1, 2016, giving the People fourteen days to provide the requested discovery. The trial was scheduled for August 15, 2016. On June 27, 2016, Petitioner filed a motion to dismiss pursuant to ***Brady v. Maryland***, 373 U.S. 83 (1963) contending that the People's failure to provide the bullet trajectory analysis or report amounted to withholding exculpatory evidence. The court conducted a hearing on the motion to dismiss at the Final Pretrial Conference on August 8, 2016. After presentation by counsels, the court denied the motion to dismiss but restricted the People from using at trial, any evidence of bullet trajectory that required expert evaluation and reserved the evidentiary findings of the forensic investigative officers for discussion at trial.

¶ 4. Following the court's ruling on the motion to dismiss, Petitioner, through counsel, informed the court that the Parties had reached a plea agreement. The Petitioner entered a plea of "No Contest" to count 2 of the superseding information, Assault First Degree with Domestic Violence. Pursuant to the plea agreement, all other counts in the superseding information were dismissed. The court, after examination of the Petitioner, accepted the Plea.

¶ 5. Petitioner was sentenced on July 26, 2017. The court sentenced the Petitioner to a term of incarceration of twenty (20) years. The court's sentence is memorialized in its Order of Judgment and Commitment entered on July 28, 2017. Petitioner appealed his sentence to the Virgin Islands Supreme Court contending that his sentence was unlawful because the Superior Court imposed a sentence that was greater than the ten years recommended in his plea agreement

and that Superior Court Rule 126 permitted him to withdraw his plea if the Court departed from the sentence recommended in the plea agreement. The Virgin Islands Supreme Court rejected these arguments and affirmed the conviction. See *Fenton v. People*, 69 VI 889 (VI 2018).

¶ 6.    The Petitioner is presently in the custody of the Virgin Islands Bureau of Corrections serving a 20-year term of incarceration having been adjudicated guilty after entering a plea of "No Contest" to First-Degree Assault/ Domestic Violence in the underlying criminal proceedings.

¶ 7.    Petitioner filed an action for a writ of habeas corpus on September 18, 2019, following which, the matter was referred to a Magistrate to make factual findings, conclusions of law and recommendations regarding the validity of the Petitioner's claim. The Magistrate conducted a hearing on August 7, 2020 but did not reduce the findings to writing. The Court granted the petition and issued the writ on April 30, 2021. The People filed their return on May 19, 2021 and the Petitioner filed his traverse on June 1, 2021. On June 29, 2021, the Court conducted an evidentiary hearing in which the parties offered witness testimony and other evidence.

### The legal Standard

¶ 8.    Under Virgin Islands law, any person who believes that he/she is unlawfully restrained of his/her liberty may seek redress from the Superior Court by filing a petition for a writ of habeas corpus. *Title 5 V.I.C. § 1301; Hab. Corp. Rule 2 (a)(1).* The Court must issue the writ if the petition states a prima

facie case for relief and the claims are not legally barred. *Hab. Corp. Rule 2(d)(1)*. In determining whether the petitioner has stated a prima facie case, the Court must consider whether the factual allegations, if true, would entitle the petitioner to relief. *Hab. Corp. Rule 2(b)(1)*. When a court grants habeas corpus relief, it may order a remedy other than discharge from incarceration, **Rivera-Moreno v. Gov't of the Virgin Islands**, 61 V.I. 279, 298 (V.I. 2014) and may award a different form of relief or remedy as justice may require. *V.I. Hab. Corp. R.* 2(h).

¶ 9.　　Petitioner's claim for habeas corpus relief argues that his incarceration is in violation of the right to due process caused by the People's failure to provide exculpatory evidence resulting in a **Brady** violation. If the Petitioner can prove a **Brady** violation, he is entitled to relief. **Kyles v Whitley**, 514 U.S. 419, 435 (1995).

## Discussion

### A. Petitioner Failed to Establish the Existence of Undisclosed Evidence

¶ 10.　　The substance of Petitioner's claim is that after a discovery request from the Petitioner in the underlying criminal proceedings, the People failed to provide evidence that was favorable to him and thereby violated his right to due process. **Brady** at 87. Specifically, Petitioner alleges that the People failed to disclose a bullet trajectory analysis or report that would have exonerated him. "To prove a Brady violation, the Petitioner must show that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld

evidence was material." ***Lambert v. Blackwell,*** 387 F.3d 210, 252 (3rd Cir. 2004)

(*citing **Banks v. Dretke,*** 540 U.S. 668, 691 (2004)). The trial court entertained

Defendant's Motion to Dismiss for ***Brady*** violations at the Final Pretrial Confer-

ence on August 8, 2016. In his argument to support the motion to dismiss, Pe-

titioner's counsel described the requested evidence as follows:

> "A trajectory analysis involves measurements and other
> trigonometry and other analysis, calculations to determine
> the path of the bullet projectile, where it would land. And
> they would then estimate the position of the shooter, the
> position of the shot, the person who was shot and the
> sort." (Transcript of August 8, 2016. p. 4)

¶ 11. Petitioner based his claim of the existence of this analysis or

report on the statement, "a trajectory was then completed" referenced in the

Crime Scene Evidence Report authored by forensic technician, Linda Pas-

cal. The Crime Scene Evidence Report makes no reference to measurements

or mathematical formulas to determine the position of the shooter, the rel-

ative position of the person being shot, the point of origin of the projectile

or where it would land. It appears that the statement was part of a cursory

observation that investigating officers made in relation to what they thought

was a bullet hole. The full text of the officers' observation as outlined in the

Crime Scene Evidence Report is as follows:

> "Sgt. Hitesman then observed what to be a bullet hole
> in the Northeast bedroom, northwest screen. Based on
> further inspection, it appeared that the bullet passed
> through the northwest screen and dented the 8th louver
> and landed to the Northeast of the windowpane; a
> trajectory was then completed."

¶ 12.    The People argued at the hearing on the motion to dismiss, as the Respondents do now, that the only information available in relation to a bullet trajectory is that which is referenced in the Crime Scene Evidence Report. Further, counsel for the People informed the Court that the People disclosed all of the information relative to the crime scene investigation. Petitioner has provided no other evidence that the bullet trajectory analysis or report as envisioned or described by the Petitioner, actually exists or has ever existed. Instead, Petitioner insists that the Crime Scene Evidence Report is sufficient to prove that a bullet trajectory analysis or report was completed beyond the reference in the Report. Since Petitioner has not established that the trajectory analysis or report existed or, if it existed, was ever in actual or constructive possession of the People and was suppressed, the Court cannot do an analysis of the additional *Brady* factors. That is, a determination of the exculpatory or impeachment nature of the evidence or whether it was material.

## B. Petitioner's "No Contest" Plea Negates His Claim of a Due Process Violation

¶ 13.    The *Brady* Rule, which requires prosecutors to disclose evidence favorable to a defendant, is designed to protect the defendant's constitutional safeguards, with particular emphasis on the right to a fair trial, secure a fair and trustworthy outcome and preserve the integrity of the judicial process. "There can be no *Brady* violation unless the government's nondisclosure infringes on the defendant's fair trial right". *United States v. Starusko*, 729 F.2d 256, 262

(3rd Cir. 1984) (citing ***United States v. Higgs***, 713 F. 2d 39, 43 (3rd Cir. 1983).

The prosecution's suppression of evidence favorable to the accused violates due

process where the evidence is material to guilt or punishment. ***Brady*** at 87. As

the United States Court of Appeals for the Third Circuit has noted: "The Supreme

Court has cautioned that in making a Brady materiality determination, the focus

should be upon an evaluation of whether the suppression of the evidence re-

sulted in a verdict unworthy of confidence". ***United States v. Pellulo***, 105 F. 3d.

117, 123(3rd Cir. 1997). "Evidence is material where there is a reasonable prob-

ability that had the evidence been disclosed to the defense, the result of the pro-

ceeding would have been different. A reasonable probability is a probability suf-

ficient to undermine confidence in the outcome". ***Simmonds v. Beard***, 590 F.3d

223, 234 (3rd Cir. 2009) (quoting ***United States v. Bagley***, 473 U.S. 667, 682

(1985).

¶ 14.      The trial court convicted the Petitioner based on his plea of "No

Contest" to count 2 of the superseding information to wit: Assault in the First

Degree with Domestic Violence in violation of Title 14 V.I.C. § 295(1) and Title 16

V.I.C. § 91(b). Petitioner does not contend that there was some unlawful occur-

rence in the criminal proceedings that interfered with his ability to make a know-

ing and voluntary plea. Petitioner contends that the unavailability of the bullet

trajectory analysis or report dictated his decision in entering the plea. This con-

tention cannot sustain a claim for a ***Brady*** violation. "To constitute a ***Brady***

violation, the non-disclosure must do more than impede the defendant's ability

to prepare for trial; it must adversely affect the court's ability to reach a just conclusion to the prejudice of the defendant". **Starusko** at 262. (citing **United States v. Campagnuolo**, 592 F.2d 852, 861-62 (5th Cir. 1979).

¶ 15.     During the evidentiary hearing on his habeas corpus petition, Petitioner attempted to impress upon the Court that the bullet trajectory analysis or report would show that he could not have discharged the bullet that injured the victim but that the victim injured herself. Additionally, Petitioner introduced into evidence a DNA swab analysis and Virgin Islands Police record of property receipt to boost his claim that he did not discharge the weapon. Petitioner suggested to the Court that the property that was taken from him was examined for evidence that he discharged a weapon and was returned because no evidence was found to show that he discharged the weapon. In addition, Petitioner argued that the DNA swab analysis indicated that a female handled the weapon. Finally, Petitioner insinuated that the bullet trajectory analysis or report was suppressed because it was favorable to him.

¶ 16.     In effect, the Petitioner is asking this Court to decide, in a habeas corpus proceeding, what the evidence would have shown in a criminal trial. Not only is the Petitioner asking the Court to act in the capacity of a jury to judge the weight and credibility of evidence that determines conviction or acquittal, but Petitioner is also asking the Court to speculate on the materiality, effect and relevance of a bullet trajectory analysis or report that he has not shown or proven to exist. Petitioner's understanding of the purpose of the habeas corpus

proceeding and the role of the Court is misguided. "The purpose of the writ of habeas corpus is not to determine guilt or innocence, or to weigh the evidence submitted at trial or to determine the strength of the prosecutor's case but to prevent manifest injustice". ***Rodriguez v. Bureau of Corrections***, 58 V.I. 367, 376 (V.I. 2013). "A habeas corpus proceeding is not a vehicle to litigate credibility concerns that were not presented to a jury". ***Ventura v. People of the Virgin Islands***, 64 V.I. 589, 590. (V.I. 2016). *See also* ***Fontaine v. People***, 56 V.I. 571, 586 (V.I. 2012) (finding that all issues of weight and credibility of evidence in a criminal proceeding are within the province of the jury) and ***Smith v. People***, 51 V.I. 396, 401 (V.I. 2009) (finding that a court considering evidentiary challenges subsequent to a criminal conviction is prohibited from weighing evidence and determining the credibility of witnesses). Petitioner ignores the fact that a criminal trial is the most appropriate proceeding in which to make a full examination of the evidence. Petitioner waived his right to a full examination of the evidence when he decided to enter a plea of "No Contest". Petitioner cannot now launch a collateral attack on his conviction by intimating that the evidence would not have secured his conviction. A court in a habeas corpus proceeding cannot grant relief by releasing a petitioner from custody based on what the petitioner claims that the evidence would likely show at trial. A court in a habeas corpus proceeding could only grant relief if the admission of evidence at trial prejudiced the petitioner and undermined the fairness of the criminal proceeding.

¶ 17.    Similarly, Petitioner can only succeed on his claim of a ***Brady***

violation if he can show that the People's failure to disclose was prejudicial to him and unfairly influenced his conviction. Petitioner's conviction was obtained through his plea. The unavailability of a bullet trajectory analysis or report is not material to Petitioner's conviction, therefore, Petitioner can show no prejudice from it's unavailability. Where a defendant suffers no prejudice from the government's failure to disclose a report, there is no **Brady** violation. **Starusko**, at 262. "Unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose". **United States v. Agurs**, 427 U.S. 97, 108, (1976). "A reasonable probability that had the evidence been disclosed to the defense the outcome of the proceedings would have been different, necessarily entails the conclusion that the suppression must have had substantial injurious effect or influence in determining the jury's verdict". **Brecht v. Abrahamson**, 507 U.S. 619, 623 (1993); **Kyles v. Whitley** at. 435. Petitioner's free, knowing and voluntary choice to enter a plea negates any claim of prejudice or unfairness to his conviction on the basis that the alleged bullet trajectory analysis or report was not provided to him.

## Conclusion

¶ 18.     Fenton challenged his conviction based on allegations that the People's failure to provide him with a bullet trajectory report or analysis denied him the right to due process. In sum, Fenton seeks habeas corpus relief

contending that the People violated the **Brady** rule. To prove a **Brady** violation, a habeas corpus petitioner must show that the failure to disclose evidence prejudiced the petitioner and led to an unfair and unjust outcome in the underlying criminal proceedings. Fenton's conviction is based on his plea of no contest as he chose not to challenge the charges against him. Not only did Fenton fail to show that the claimed evidence exists, his plea of no contest negates his claim that the unavailability of the evidence unfairly or unjustly influenced his conviction. Fenton's request for habeas relief is **DENIED**.

**DONE AND SO ORDERED** this **15**th day of October 2021.

**HONORABLE JOMO MEADE**
JUDGE OF THE SUPERIOR COURT

ATTEST:

**TAMARA CHARLES**
Clerk of the Court

By:
Court Clerk Supervisor